UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEMOND JERED FOBBS**     :     CIVIL ACTION NO. 2:14-cv-1111
   BOP#11898-035                        SECTION P

**VERSUS**                 :     JUDGE MINALDI

**C. MAIORANA**            :     MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATIONS

Before the court is the *habeas corpus* petition filed *pro se* pursuant to 28 U.S.C. § 2241 by petitioner Demond Fobbs (hereinafter "Fobbs"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO"). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

On January 5, 2004, Fobbs pled guilty to conspiracy to distribute 50 grams or more of cocaine base. Doc. 1, att. 1, p. 5. On May 20, 2004, this court sentenced him to three hundred months imprisonment. Doc. 1, p. 1; *USA v. Fobbs*, 2:03-cr-20067-02, doc. 73. On October 16, 2006, Fobbs filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence. Doc. 1, p. 2; *Fobbs v. USA, supra* doc. 82. The motion was denied on December 15, 2006. *Fobbs v. USA, supra* doc. 89.

Thereafter, Fobbs filed the current *habeas corpus* petition claiming that his detention is illegal because the district court erred when it sentenced him as a career offender. Doc. 1, att. 1, p. 12.

## II.
### LAW AND ANALYSIS

*Habeas* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Fobbs collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

Federal prisoners may only use § 2241 to challenge the legality of their convictions or sentences if they satisfy the "savings clause" of § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if his or her remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make a remedy under § 2255 inadequate or ineffective. *Id.*

A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by

circuit law at the time it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Fobbs simply does not satisfy the criteria set forth above. As discussed, he argues that his sentence was wrongfully enhanced because he was illegally sentenced as a career criminal. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.[1] Consequently, he is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he may not avail himself of § 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, his petition must be dismissed for lack of jurisdiction. See *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
#### CONCLUSION

Since Fobbs has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[1] Fobbs' reliance on the court's 2013 granting of the § 2255 motion [doc. 76] in *United States v. Weeks*, 1: 08-cr-00296-01 (U.S. District Court, Western District of Louisiana (Alexandria)), and *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) is misplaced since neither case is a retroactively applicable Supreme Court decision.

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE